1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROBERT SMITH,                                    )
                                                 )
        Plaintiff,               )      Case No.  2:06-cv-01188-BES-GWF
                                                 )
vs.                                              )      **ORDER**
                                                 )
OFFICER JOE CASEY, et al.,                       )
                                                 )
        Defendants.              )
_____ )

      This matter is before the Court on Defendants' Request for Review of Magistrate's Order Denying Motion for Protective Order (#35), filed on February 1, 2008; Plaintiff's Response to Defendants' Request for Review of Magistrate's Order Denying Motion for Protective Order (#39), filed February 21, 2008; and Defendants' Supplement to Request for Review of Magistrate's Order Denying Motion for Protective Order (#47), filed March 26, 2008.  Also before the Court is Defendants' Motion for Stay of Magistrate's Order Pending Review (#38), filed on February 1, 2008 and Plaintiff's Response to Defendant's Motion for Stay of Magistrate's Order Pending Review (#44), filed March 11, 2008.

      The foregoing Motions, #35 and #38, were referred to the undersigned Magistrate Judge by District Judge Brian Sandoval pursuant to his order (#42), filed on February 26, 2008.  The Court conducted a further hearing in this matter on March 17, 2008.

      This Order also resolves Plaintiff's pending Motion to Compel *Monell* Discovery (#45), filed on March 14, 2008.

. . .

. . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DISCUSSION

The factual and legal issues relating to this matter are more fully discussed in the Court's Order (#32), filed on January 14, 2008.

Defendant Nye County previously filed a motion for protective order (#19) requesting that the Court bar Plaintiff from pursuing discovery relating to Nye County's policies, practices or customs that allegedly caused the violation of Plaintiff's constitutional rights by the Defendant Nye County Sheriff's officers. The purpose of such discovery would be to establish liability against Nye County under 42 U.S.C. § 1983 for the wrongful conduct of its officers pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978).[1] Nye County argued that such discovery was moot and unnecessary based on the statements in Nye County's Answer to the Amended Complaint (#13). In its Answer, Nye County states that in the event Plaintiff obtains a judgment for compensatory damages against the individual Defendant officers, then Nye County agrees to entry of a judgment against it for compensatory damages awarded against the Defendant officers. In its motion for protective order, Nye County also clarified that such a judgment would also include costs and attorney's fees that may be awarded against Defendants. Nye County will not be liable, however, for any award of punitive damages against the individual Defendants because such damages are not recoverable against a municipality under 42 U.S.C. § 1983.

Nye County acknowledged that its agreement to accept judgment against it for compensatory damages if its officers are found to have violated Plaintiff's constitutional rights is predicated, in part, on Nevada law which requires it to indemnify its officers in the event they are found liable for violating Plaintiff's constitutional rights. *See* NRS 41.349. Nye County also wishes to avoid the burden and expense of *Monell* discovery regarding its policies, practices or customs. In its Order (#32), the Court rejected Nye County's argument that no case or controversy exists in regard to Plaintiff's *Monell* claim based on the statements contained in Nye County's Answer to the Amended Complaint. The Court stated that while Nye County agreed to the entry of judgment against it, if the Defendant officers are

---

[1]Under *Monell,* a municipal defendant may not be held liable unless the plaintiff also establishes that the individual officers violated his constitutional rights. *City of Los Angeles v. Heller*, 475 U.S.796, 106 S.Ct. 1571 (1986).

2

1  found liable to Plaintiff for violation of his constitutional rights, it did so only on the basis that the

2  individual Defendants may have used excessive force.  In this regard, Nye County's Answer states as

3  follows:

4  > Defendants deny that there exists any policies, practices or customs that
   > proximately caused any deprivation of the Plaintiff's constitutional rights.
5  > However, notwithstanding its denial of Plaintiff's allegations, Nye
   > County agrees to the entry of judgment against it for compensatory
6  > damages if, and only if, the finder of fact in this case finds that the
   > Defendant Officers violated the Plaintiff's Constitutional rights as alleged
7  > in the Amended Complaint.

8  *Answer to Amended Complaint (#13)*, ¶ 24.

9      Nye County's Answer also states:

10 > With regard to Plaintiff's *Monell* claim, Nye County agrees to the entry of
   > judgment against it for compensatory damages if, and only if, the finder
11 > of fact in this case finds that the Defendant Officers violated the
   > Plaintiff's Constitutional rights as alleged in the Amended Complaint.
12 > The Defendants deny the remaining allegations of Paragraph 38.

13 *Answer to Amended Complaint (#13)*, ¶ 40 .

14     Because paragraph 24 of Nye County's answer denies that any of its policies, practices or

15 customs proximately caused any deprivation of Plaintiff's constitutional rights, the Court concluded

16 that Defendant's Answer was not a sufficient acknowledgment or agreement to accept liability under

17 *Monell*.  The Court, therefore, concluded that Plaintiff cannot be required to forego his *Monell* claim

18 when the Defendant is unwilling to clearly accept liability and judgment under *Monell*.  The Court's

19 decision in this regard was based on the Ninth Circuit's decisions in *Larez v. City of Los Angeles*, 946

20 F.2d 630 (9th Cir. 1991) and *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999) which

21 held that even though the plaintiffs were fully compensated for their injuries and damages by the

22 payment of their judgments against the individual defendant police officers, the plaintiffs were still

23 entitled to pursue "symbolic judgments" for recovery of nominal damages against the municipal

24 defendants pursuant to *Monell*.

25     As Nye County correctly points out, neither *Larez* nor *Ruvalcaba* involved circumstances in

26 which the municipal defendant agreed or stipulated to entry of judgment for nominal damages against it

27 pursuant to *Monell*.  Nye County also argues that by agreeing to accept entry of a judgment for nominal

28 damages against it pursuant to *Monell* if Plaintiff recovers a judgment against the individual officers,

1   Plaintiff will obtain legally everything that he could otherwise obtain by litigating the *Monell* claim

2   through trial.  To further clarify its acceptance of liability and entry of a judgment under *Monell*,

3   Defendant has filed a Supplement to its Request for Review of Magistrate's Order (#32) Denying

4   Motion for Protective Order (#35),  *Docket No. 47,* which states as follows:

5             This stipulation is intended to clarify and make certain Nye County's
              acceptance of *Monell* responsibility in this litigation.

6

7             Therefore, as an express condition to rendering moot, and avoiding the
              need to litigate, any asserted *Monell v. Department of Social Services of
              the City of New York*, 436 U.S. 658 (1978) claims, the defendant Nye

8             County irrevocably stipulates as follows:

9                       With regard to Plaintiff's *Monell* claim, Nye County agrees to the
                        entry of judgment against it for compensatory damages if, and

10                      only if, the finder of fact in this case finds that the Defendant
                        Officers violated the Plaintiff's Constitutional rights as alleged in

11                      the Amended Complaint.  In addition Nye County agrees to entry
                        of nominal judgment in the amount of one dollar ($1.00) should

12                      the finder of fact conclude that any employee of Nye County
                        violated Plaintiff's Constitutional rights.

13

14          The Court finds that foregoing stipulation is sufficiently unequivocal and irrevocable to resolve

15   the reservations that the Court had regarding Defendant's Answer to the Amended Complaint.  The

16   Court also finds that based on the foregoing stipulation, if Plaintiff is successful in obtaining a

17   judgment against the individual Defendants, Plaintiff will also be able to obtain a judgment against Nye

18   County to the same extent he would have obtained a judgment if he successfully litigated the *Monell*

19   claims at trial.  Accordingly,

20          **IT IS HEREBY ORDERED** that Defendants' Request for Review of Magistrate's Order (#32)

21   Denying Motion for Protective Order (#35) is **granted.**

22          **IT IS FURTHER ORDERED** that based on reconsideration of its previous Order (#32), and

23   pursuant to the foregoing stipulation by Defendant Nye County, and good cause appearing therefore,

24   Defendants Nye County's, Thomassian's, Becht's and Clark's Motion for Protective Order (#19) filed

25   on November 5, 2007 is **granted** and *Monell* discovery regarding Nye County's policies, practices or

26   customs is hereby deemed **moot** and precluded.

27          **IT IS FURTHER ORDERED** that Defendants' Motion for Stay of Magistrate's Order Pending

28   Review (#38) is rendered **moot** by virtue of this Order.

4

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel *Monell* Discovery (#45) is

2    also rendered **moot** by this Order and is hereby **denied.**

3    DATED this 27th day of March, 2008.

4

5    _____
GEORGE FOLEY, JR.
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28